FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUN -8 PM 3:35

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

JAMES A. CLARK,

    Plaintiff,

v.                                                                                  No. 03-2977

J. KENENS, et al.,

    Defendants.

---

## ORDER OF DISMISSAL WITH PREJUDICE

---

On December 24, 2003, the Plaintiff, James A. Clark, initiated this action pro se against the Millington Police Department and many of its officers. Less than a month later, Plaintiff filed a notice with the Court indicating that his address had changed and provided the new address. On April 2, 2004, Plaintiff again notified the Clerk's office of an address change. After Clark failed to respond to discovery requests and appear at a deposition, Defendant, Gerald Stubbs, filed two motion on separate occasions to dismiss due to Plaintiff's failure to cooperate in the discovery process. This Court referred both motions to the magistrate judge for a report and recommendation.

With respect to the first motion, Magistrate Judge S. Thomas Anderson recommended that the motion to dismiss be denied. This Court adopted that recommendation and gave Plaintiff fifteen days to provide written responses to the Defendant's discovery requests and appear for a deposition. After the Plaintiff failed to comply with the Court's directive, Stubbs filed his second motion to dismiss based on Plaintiff's failure to cooperate in discovery. In his March 18, 2005 report, Judge Anderson found that Plaintiff had not received some of the Court's orders as evidenced by docket entries which indicated that the mailings had been sent to one of Plaintiff's previous addresses but

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6/13/05

returned to the Court as undeliverable. Thus, the magistrate judge ordered that the Court's file reflect Clark's current address and attempt to deliver the mailings that had been returned. However, all of the re-mailed documents were returned to the Court as undeliverable including the magistrate judge's report and recommendation of March 18, 2005. After the mail was returned to the Court, Judge Anderson issued another report on May 19, 2005 and recommended that the Defendant's motion be granted based on the Plaintiff's failure to provide the Court with a current address and cooperate in the discovery process.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate.

Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has made no effort whatsoever to move this case forward and indeed appears to have chosen to disregard it altogether. Plaintiff has not participated in discovery and has not filed any pleadings in almost a year. Clearly, the necessity of monitoring a case that the Plaintiff has permitted to languish indefinitely works some hardship on the Defendants. Furthermore, in ruling on the Defendant's first motion to dismiss, the magistrate judge explicitly warned the Plaintiff that his case may be dismissed if he failed to engage in discovery, submit to a deposition, and comply with the Federal Rules of Civil Procedure. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter. Because the Court has no way of communicating with the Plaintiff regarding scheduling and proceeding with this case, it finds that dismissal is appropriate. Moreover, the Plaintiff is well aware of how to provide the Clerk's office with a current address as he has changed it on two previous occasions by providing notice. Giving the Plaintiff additional time to comply

3

with the Defendant's discovery request at this juncture would be futile because Clark appears to have abandoned his claims against the Defendants. Accordingly, the Court concludes that dismissal of Plaintiff's claim is appropriate.

Based on the foregoing, the Plaintiff's lawsuit against all of the Defendants is hereby DISMISSED with prejudice for failure to prosecute.

IT IS SO ORDERED this 8th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 27 in case 2:03-CV-02977 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Edward J. McKenney
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

James A. Clark
203 Cottonwood St.
Wynne, AR 72396

Honorable J. Breen
US DISTRICT COURT